LANDRIEU, Judge.
Defendant, Michael S. Everett, was charged with one count of armed robbery and one count of attempted first degree robbery. The trial court found probable cause and denied defendant’s motion to suppress the identification, motion to suppress evidence and motion to suppress his statement. Following trial, the jury found the defendant guilty of first degree robbery as to count one, and guilty of at *59 tempted first degree robbery, as charged, in count two.
The State filed a multiple bill charging the defendant as a triple offender. Following a hearing, the trial court adjudicated the defendant as a triple offender and sentenced him to life imprisonment without benefit of probation, parole or suspension of sentence. Defendant appeals his convictions and sentence.

STATEMENT OF THE FACTS

At about 8:80 a.m. on July 1,1995, at the Texaco gas station on General DeGaulle Drive in Algiers, a subject entered the store and asked the cashier, Vonalee Hence, if the store carried cigarettes. Hence replied that it did, but that cigarettes could be purchased more cheaply at Delchamps. The subject responded that it was not coming out of his pocket. A female customer then walked into the store. The subject told the cashier to go ahead and wait on her, that he was not in a hurry. After the customer left, the subject asked for three cartons of cigarettes, Kools, Winstons and Camels. The cashier leaned down to get the cigarettes. When he straightened up, he saw that the subject had a gun underneath a towel. The subject told the cashier, “Give them up. And, hurry up, and don’t make me bust you up.” The subject then took the cigarettes, left the store and fled on a bicycle.
Hence immediately reported the incident to the police. When the responding officer arrived, Hence told him what had occurred. Hence particularly noted that the perpetrator had a gold tooth in the front of his mouth and was wearing silver-rimmed glasses. The officer also obtained the surveillance videotape that recorded the incident.
A week later at the same store, at about 5:00 a.m., Jeffery McEleen was the cashier on duty. When the subject arrived at the store, the store was locked because McE-leen was stocking the outside beer cooler. The subject told McEleen that he wanted something out of the store. McEleen advised him to come back in about fifteen or twenty minutes. When the subject came back, McEleen locked the cooler and went back into the store. The subject then put his hand on his stomach and said, “This is a robbery. I want four cartons of cigarettes.” McEleen asked if he wanted any special kind. The subject responded, “Don’t be cute. I’ll blow your F-ing head off.” When McEleen picked up a whole case of cigarettes, the subject threatened him again.
McEleen then began throwing the cigarette cartons out at the subject. The third carton fell off the counter. When the subject looked down, McEleen pulled his own weapon. McEleen had a weapon, uniform and handcuffs for his second job, as a security officer for the Housing Authority of New Orleans. He went to his HANO job immediately after his Texaco job, so he had his uniform and other equipment with him. When the subject saw McEleen with the gun, he passed out. When the subject came to he tried to run out, but McEleen grabbed him, dragged him back into the store, and cuffed him. The subject was sitting on a chair when the police arrived.
Officer Eric Carr and his partner arrested the defendant following the July 8 incident. Carr seized the defendant’s bicycle and eyeglasses in connection with the incident. On the way to Central Lock-up, the defendant told Carr that he was an addict and would do whatever he had to do to get money.
Det. Cyril Davalier was doing a followup investigation of the July 1 robbery when he heard about the July 8 robbery at the same location. He noted that both offenses involved an attempt to conceal a weapon with a towel. He retrieved the videotape of the July 1 robbery from which he made some still photos. He then got the Bureau of Identification photo of the defendant taken in connection with the arrest following the July 8 incident. Dava-lier compared the photos and suspected that it was the same person involved in both cases. He then compiled a set of *60 photos, which included the Bureau of Identification photo of the defendant. On July 15, Davalier met Hence at the gas station. Hence selected the photo of the defendant as the one who perpetrated the July 1 robbery. When he picked the defendant’s photo, Hence mentioned that it was the robber, but that he did not have on his glasses. None of the subjects in the lineup photos had on eyeglasses.
In addition to the testimony of the officers and the cashiers, the jury also viewed the videotape of the July 1 robbery. The eyeglasses and the various photos were also admitted into evidence and shown to the jury.

ERRORS PATENT REVIEW

A review of the record for errors patent reveals one. The trial court failed to sentence the defendant on count two, the attempted first degree robbery. The multiple bill of information designates the first degree robbery conviction as the one which was to be enhanced. Thus, the court’s finding that the defendant was a triple offender and the court’s imposition of the life sentence applied to that conviction. However, the case must be remanded to the trial court for sentencing on count two.
There were no other patent errors.[1]

ASSIGNMENT OF ERROR ONE-BY COUNSEL

The defendant argues that the evidence was insufficient to sustain the convictions for first degree robbery and attempted first degree robbery because neither of the victims believed that he was armed with a dangerous weapon.
The standard of appellate review for sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Either direct or circumstantial evidence may prove the essential elements of the crime. With circumstantial evidence the rule is: “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” La. R.S. 15:438. This rule is not a separate test from the review standard established by Jackson v. Virginia, but rather it is an evidentiary guideline which facilitates appellate review of the sufficiency of the evidence. State v. Jacobs, 504 So.2d 817, 820 (La.1987). Ultimately, to support a conviction, the evidence, whether direct or circumstantial or both, must be sufficient under Jackson to satisfy any rational trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Sutton, 436 So.2d 471 (La.1983). Specific intent may be inferred from circumstances and the defendant’s actions. State v. Smith, 94-2588 (La.App. 4 Cir. 3/27/96), 672 So.2d 1034. Credibility determinations are within the discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938, 943 (La.1984).
“First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.” La. R.S. 14:64.1. A person who has the specific intent to commit a crime and does or omits an act toward the accomplishment of the crime is guilty of an attempt to commit the offense. La. R.S. 14:27(A).
The defendant does not contest the sufficiency of the evidence relative to his *61 identity as the perpetrator on both counts, or that he robbed the cashier in the first count and attempted to rob the cashier in the second count. Rather, the defendant contends that the cashiers never believed that he had a weapon.
The evidence is sufficient as to the contested element as to both offenses. As to count one, the July 1 offense, Mr. Hence testified as follows:
A ... when I raised back up, he had a gun underneath a blue towel and said that this was a robbery....
Q And, do you recall what type of gun it was?
A It looked like a thirty-eight revolver.
Q Okay.
A Just from the barrel.
Q And, what part of the gun did you see?
A I could only see the barrel of the gun.
On redirect, Mr. Hence testified:
Q And, during the course of the robbery, what did you think you were being robbed with?
A A gun.
As to count two, the July 8 offense, Mr. McEleen testified that the defendant put his hand on his stomach when he said it was a robbery and threatened him three times. When asked for more detail, Mr. McEleen testified as follows:
By him saying that this was a robbery and he grabbed for what appeared to be an object in his stomach area, okay, I assumed that it was a gun, you know. And, when he gave his demand, I was willing to meet that demand, whatever the cost was. I was just there to meet the demands because I didn’t want to get hurt, and I didn’t want to hurt him either. So, you know, when the last threat that he gave as he moved his hand away from his stomach, I could see that there was an object sticking out, you know, of the tee shirt itself, so he grabbed it again, and that’s when I just (sic) with my weapon.
On cross-examination, defense counsel asked McEleen how long the interchange with the defendant lasted. McEleen replied:
I’m not really sure because when someone is threatening you with a gun, you really don’t worry about the time. I didn’t even think about the time.
There was no contradictory evidence on the issue of the victims’ belief that the perpetrator was armed. Considering the above, the evidence was sufficient to sustain both convictions.

PRO SE ASSIGNMENT OF ERROR

Pefendant pro se argues that trial counsel was ineffective for failing to object to insufficient evidence presented by the State at the habitual offender proceeding. He specifically avers that there was no showing of a waiver of his Boykin[2] rights, and that counsel failed to object.
Defendant correctly notes the presumption of regularity given to predicate offenses since the ruling in State v. Shelton, 621 So.2d 769 (La.1993) and the subsequent amendment to the Habitual Offender Law. Defendant further correctly notes that he bears the burden of filing a written opposition with particular objections to the multiple bill of information.
The appellate record was supplemented with the exhibits to the multiple bill proceeding in order to review this claim. As to CDC# 333-468, the State produced a well-executed waiver of rights form, signed by the defendant, defense counsel, and the court, which indicates that the defendant was advised of his Boykin rights. In addition, the State produced the minute entry of the plea, which indicates the various rights of which the defendant was advised. As to CDC# 367-521, the record does not contain a waiver of rights form. However, the record contains a minute entry which *62 indicates that the defendant was represented by counsel and tendered a plea of guilty at arraignment after being advised by the court of the rights he was waiving. According to the minute entry, the State then filed a multiple bill in that case, to which the defendant also pled guilty after being advised of his rights in a multiple bill hearing.
From these exhibits, the State has proven a prima facie case that the defendant was convicted of the predicate offenses. However, the documentation from the 1994 conviction in CDC# 367-521 is minimal. There is no waiver of rights form in that case, no transcript, and the minute entry fails to specify which rights the defendant waived. Defendant avers that he was not advised of his Boykin rights prior to that plea. Counsel should have filed a written objection to the bill based on the defendant’s allegation that the plea was not voluntarily and knowingly made. At the subsequent hearing, the State would have been required to supplement its proof to counter the testimony by the defendant on the issue. Thus, we find the defendant was prejudiced by his counsel’s failure to object to the sufficiency of the evidence at the multiple bill hearing, as he was denied the right to contest the validity of the 1994 conviction. Counsel’s failure to object resulted in an improper adjudication of the defendant as a third offender.
Accordingly, we affirm the defendant’s convictions. We amend the multiple bill adjudication from a triple offender to a second offender. We further vacate defendant’s sentence as a triple offender and remand the case for resentencing of the defendant as a second offender on count one and for original sentencing on count two.
CONVICTIONS AFFIRMED; MULTIPLE BILL ADJUDICATION AMENDED; SENTENCE VACATED AND REMANDED FOR SENTENCING ON COUNT TWO AND RESENTENC-ING AS A SECOND OFFENDER.

. The sentencing transcript indicates that, following the imposition of the sentence, defense counsel made an oral motion for new trial. However, since the oral motion urged no grounds and was never followed up by a written motion, it is not considered. La. C.Cr.P. art. 852.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).